Pearson, C. J.
 

 The charge of his Honor in the Court below, is in strict accordance with the principles announced in
 
 State
 
 v.
 
 Williams,
 
 2 Jones,
 
 257.
 

 Upon the re-examination of the snbjeet, which was elicited by the discussion of the case, now under consideration, we arc •entirely satisfied that the conclusions there arrived at, are fully sustained by authority, analogy and principle.
 

 The maxim
 
 Ufalsum in uno™
 
 &c., which obtains in the civil law, and which is acted upon by the ecclesiastical courts and the courts of admiralty and the courts of equity, which are fixed tribunals for the decision of questions of faet, as well as questions of law, has not been adopted in the common law courts, where all issues of faet are tried by a jury, aud where a plain lime of demarcation is kept up between matter which
 
 *134
 
 affects the competency, and that which affects the credibility of witnesses. It is the exclusive province of the jury to pass on the credit of a witness. So, if he has made a different statement when not on oath, and when on oath, or if he is contradicted by other witnesses on the same trial, or if he admits that he has committed murder or burglary or larceny, as when an accomplice is examined, the principle is the same; such matter goes to his credit and not to his competency; his testimony is, therefore, to be
 
 weighed ly the jury,
 
 and they may convict upon it, provided it carries to their minds full and entire conviction of its truth.
 

 The subject is so fully discussed in the ease referred to, as to make it unnecessary to enter upon it again ; we are convinced that such is the rule of law.
 

 There is no error. This opinion will be certified, to the end, that ,the Superior Court may proceed to judgment accordingly.
 

 Per, Curiam,
 

 Judgment affirmed.